### 161

James Nelson
vs.
Harris-Corliss Engine Machine Co. et al

W.C.A.Pet.No.186

May 14, 1918

TANNER, P. J. This case is now heard upon the form of decree.

The petitioner claims that inasmuch as the Court has found that he was not fit to be sent back to work when he did go after the accident, that he is now entitled to compensation for the period during which he actually worked and received full wages. There may be some technical force in this contention but taking Sections 10 and 11 of the Act we are of the opinion that the petitioner having received full wages, is not entitled to compensation for that time notwithstanding the Court has found that he shouldn't have been sent back to work. We do not think that the New Jersey cases cited by the defendant are in point since they relate to a compensation which is paid for a permanent injury, corresponding to the loss of a member under our statute. Money received as wages should not, of course, be credited against the additional compensation provided by statute for the loss of a member, since such additional compensation is not primarily given as compensation for loss of wages.

We are of the opinion that the petitioner is entitled to compensation in accordance with the second computation, which would give him compensation for all time since he went back to work except the time during which he actually worked and received his compensation.

For Petitioner: Baker & Spicer.

For Respondent: Frederick A. Jones.